UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:00CR585 SNL |
| | ) | 4:01CR134SNL |
| DAVIN SIMMONS, | ) | |
| | ) | |
| Defendant, | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Motion to Modify Sentence by a Person in Custody [Doc. No. 536] filed on August 10, 2017. The United States filed a response [Doc. No. 537] on August 18, 2017 urging this court to deny the motion filed by Mr. Simmons. For the reasons stated below the motion will be denied.

The essence of the motion filed by Defendant is that he desires to serve his last 12 months of Bureau of Prisons time in home detention. He says that 18 U.S. C. §3621 (b) (4) (B) provides a mechanism for such relief. Let us review the statutory authority upon which movant relies. Section 3621 (b) reads in pertinent part:

> *The Bureau of Prisons shall designate the place of the prisoner's imprisonment*. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted *that the Bureau determines to be appropriate and suitable, considering-*

There is no express or implied reference to the District Court in this section at all. As such there is no conferral of jurisdiction upon the court to act in any capacity relative the designation of the method, manner , or location of any inmate. In fact, as correctly noted by the United States, Section 3621 unequivocally negates the ability of the District Court to influence, in anyway, a resident s ability to serve sentence in a community corrections facility *or change* the place of imprisonment of that person while under sentence to the Bureau of Prisons

    The Eighth Circuit Court of Appeals has contemplated the relationship between the District Court and Section 3621(b). In *United States v. Kattom,* a defendant appealed his sentence imposed by the district court. 619 F. App'x 569 (8th Cir. 2015). The defendant filed a "pro se brief in which he asks for a shorter sentence and to be allowed to serve his sentence in Arkansas, rather than Mississippi." *Id.* The Eighth Circuit observed that the District Court "lacked authority to order placement at any particular facility as the Bureau of Prisons (BOP) is solely responsible for that decision. See 18 U.S.C. § 3621(b) (BOP shall designate place of prisoner's imprisonment and determine eligibility for drug treatment)." *Id.* Further, the Eighth Circuit has held that "**§ 3621(b) gives the BOP the discretion to transfer prisoners to** [a particular facility] at any time during their incarceration." *Elwood v. Jeter*, 386 F.3d 842, 847 (8th Cir. 2004) (emphasis added). The Movant, therefore, is without an avenue for relief.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Modify Sentence by a Person in Custody [Doc. No. 536], is **DENIED**.

Dated this 20th day of September, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE